**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF KENTUCKY**
**BOWLING GREEN DIVISION**

---

**STACY SHEELER** and **DYLAN AUSTIN,** Individually, and on behalf of themselves and all other similarly situated current and former employees,

Plaintiffs,

v.

**SKY 5, LLC**, **SKY 6, LLC, SKY 7, LLC, SKY 10, LLC, SKY 13, LLC, SKY 14, LLC, SKY 17 LLC, SKY 18, LLC, SKY 20, LLC, SKY 22, LLC, SKY 23, LLC, SKY 24, LLC, SKY 25, LLC, SKY 27, LLC; SKY 31, LLC; SKY 32, LLC, SKY 34, LLC, SKY 35, LLC, SKY 36, LLC, SKY 37, LLC, SUBWAY KENTUCKY 2, LLC, SUBWAY KENTUCKY 4, LLC, SUBKY, LLC, SUBLEX 1, LLC, 150 NORTH LOVERS HOLDINGS, LLC, NORTH LOVERS OPERATIONS, LLC,** and **JIGNA PATEL** and **CHINTU K. PATEL**, Individually,

Defendants.

Case No.   1:19-cv-1-GNS

FLSA Opt-In Collective Action
**JURY DEMANDED**

---

**ORIGINAL COLLECTIVE ACTION COMPLAINT**

---

Plaintiffs Stacy Sheeler and Dylan Austin ("Plaintiffs"), on behalf of themselves, individually, and on behalf of themselves and other similarly situated current and former employees as a class, bring this collective action against Defendants, SKY 5, LLC; SKY 6, LLC; SKY 7, LLC; SKY 10, LLC; SKY 13, LLC; SKY 14, LLC; SKY 17, LLC; SKY 18, LLC; SKY 20, LLC; SKY 22, LLC, SKY 23, LLC; SKY 24, LLC; SKY 25, LLC; SKY 27, LLC; SKY 31, LLC; SKY 32, LLC; SKY 34, LLC; SKY 35, LLC; SKY 36, LLC; SKY 37, LLC; SUBWAY KENTUCKY 2, LLC; SUBWAY KENTUCKY 4, LLC, SUBKY, LLC, SUBLEX 1, LLC; 150

1

NORTH LOVERS HOLDINGS, LLC; NORTH LOVERS OPERATIONS, LLC and, Chintu K. Patel and Jigna Patel, Individually, and allege as follows:

## I.
## INTRODUCTION

1. This lawsuit is brought against Defendants as a collective action under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq.,* to recover unpaid minimum wages, overtime compensation and other damages owed to Plaintiffs and other similarly situated current and former employees who are members of a class as defined herein and currently or previously employed by Defendants.

## II.
## JURISDICTION AND VENUE

2. The FLSA authorizes court actions by private parties to recover damages for violations of the FLSA's wage and hour provisions. Jurisdiction over Plaintiffs' FLSA claims are based on 29 U.S.C. § 216(b) and 28 U.S.C. § 1331.

3. Venue in this district is proper pursuant to 28 U.S.C. § 1391(b) and (c) because Plaintiffs were employed by Defendants in this district at all times relevant to this action, Defendants regularly have conducted and continue to conduct business in this district, and have engaged and continue to engage in wrongful conduct alleged herein in this district during all material times in this cause.

## III.
## CLASS DESCRIPTION

4. Plaintiffs bring this action on behalf of themselves and the following similarly situated persons, as a class:

    All current and former hourly-paid employees in the United States who work (or have worked) at any of Defendants' owned and operated Subway

2

restaurants at any time during the applicable limitations period covered by this Collective Action Complaint (*i.e.* two years for FLSA violations and, three years for willful FLSA violations) up to and including the date of final judgment in this matter, and who is a Named Plaintiff or elect to opt-in to this action pursuant to the FLSA, 29 U.S.C. § 216(b). (Collectively, "the class" and "class members").[1]

## IV.
## PARTIES

5.   Defendant, SKY 5, LLC, is a Kentucky Limited Liability Corporation with its principal office located at 315 US HWY 31 S. Greenwood, Indiana 46142 and owns and operates one or more Subway franchised restaurants under the control, direction and management of Corporate Members, Chintu K. Patel and Vipul Patel. Defendant SKY 5, LLC has been an "employer" of Plaintiffs and class members (through an integrated enterprise) as those terms are defined in the FLSA, 29 U.S.C. §203(d) and 29 U.S.C. §203(r), during the relevant period to this action.

6.   Defendant, SKY 6, LLC, is a Kentucky Limited Liability Corporation with its principal office located at 315 US HWY 31 S. Greenwood, Indiana 46142 and owns and operates one or more Subway franchised restaurants under the control, direction and management of Corporate Members, Chintu K. Patel and Jigna C. Patel. Defendant SKY 6, LLC has been an "employer" of Plaintiffs and class members (through an integrated enterprise) as those terms are defined in the FLSA, 29 U.S.C. §203(d) and 29 U.S.C. §203(r), during the relevant period to this action.

---

[1] Plaintiffs reserve the right to modify or amend the Class Description upon newly discovered information gathered through the discovery process.

7. Defendant, SKY 7, LLC, is a Kentucky Limited Liability Corporation with its principal office located at 315 US HWY 31 S. Greenwood, Indiana 46142 and owns and operates one or more Subway franchised restaurants under the control and management of Corporate Members, Jigna Patel and Chintu K. Patel. Defendant SKY 7, LLC has been an "employer" of Plaintiffs and class members (through an integrated enterprise) as those terms are defined in the FLSA, 29 U.S.C. §203(d) and 29 U.S.C. §203(r), during the relevant period to this action.

8. Defendant, SKY 10, LLC, is a Kentucky Limited Liability Corporation with its principal office located at 315 US HWY 31 S. Greenwood, Indiana 46142 and owns and operates one or more Subway franchised restaurants under the control, direction and management of Corporate Members, Chintu K. Patel and Vipul Patel. Defendant SKY 10, LLC has been an "employer" of Plaintiffs and class members (through an integrated enterprise) as those terms are defined in the FLSA, 29 U.S.C. §203(d) and 29 U.S.C. §203(r), during the relevant period to this action.

9. Defendant, SKY 13, LLC, is a Kentucky Limited Liability Corporation with its principal office located at 315 US HWY 31 S. Greenwood, Indiana 46142 and owns and operates one or more Subway franchised restaurants under the control, direction and management of Corporate Member, Chintu K. Patel. Defendant SKY 13, LLC has been an "employer" of Plaintiffs and class members (through an integrated enterprise) as those terms are defined in the FLSA, 29 U.S.C. §203(d) and 29 U.S.C. §203(r), during the relevant period to this action.

10. Defendant, SKY 14, LLC, is a Kentucky Limited Liability Corporation with its principal office located at 5432 Ashby Ct., Greenwood, Indiana 46142 and owns and operates one

or more Subway franchised restaurants under the control, direction and management of Corporate Member, Chintu K. Patel. Defendant SKY 14, LLC has been an "employer" of Plaintiffs and class members (through an integrated enterprise) as those terms are defined in the FLSA, 29 U.S.C. §203(d) and 29 U.S.C. §203(r), during the relevant period to this action.

11. Defendant, SKY 17, LLC, is a Kentucky Limited Liability Corporation with its principal office located at 5432 Ashby Ct., Greenwood, Indiana 46142 and owns and operates one or more Subway franchised restaurants under the control, direction and management of Corporate Member, Chintu K. Patel. Defendant SKY 17, LLC has been an "employer" of Plaintiffs and class members (through an integrated enterprise) as those terms are defined in the FLSA, 29 U.S.C. §203(d) and 29 U.S.C. §203(r), during the relevant period to this action.

12. Defendant, SKY 18, LLC, is a Kentucky Limited Liability Corporation with its principal office located at 5432 Ashby Ct., Greenwood, Indiana 46142 and owns and operates one or more Subway franchised restaurants under the control, direction and management of Corporate Member, Chintu K. Patel. Defendant SKY 18, LLC has been an "employer" of Plaintiffs and class members (through an integrated enterprise) as those terms are defined in the FLSA, 29 U.S.C. §203(d) and 29 U.S.C. §203(r), during the relevant period to this action.

13. Defendant, SKY 20, LLC, is a Kentucky Limited Liability Corporation with its principal office located at 315 US HWY 31 S. Greenwood, Indiana 46142 and owns and operates one or more Subway franchised restaurants under the control, direction and management of Corporate Member, Chintu K. Patel. Defendant SKY 20, LLC has been an "employer"

of Plaintiffs and class members (through an integrated enterprise) as those terms are defined in the FLSA, 29 U.S.C. §203(d) and 29 U.S.C. §203(r), during the relevant period to this action.

14. Defendant, SKY 22, LLC, is a Kentucky Limited Liability Corporation with its principal office located at 2312 Palumbo Drive, Lexington, Kentucky 40509 and owns and operates one or more Subway franchised restaurants under the control, direction and management of Corporate Members, Jigna C. Patel and Mita V. Patel. Defendant SKY 22, LLC has been an "employer" of Plaintiffs and class members (through an integrated enterprise) as those terms are defined in the FLSA, 29 U.S.C. §203(d) and 29 U.S.C. §203(r), during the relevant period to this action.

15. Defendant, SKY 23, LLC, is a Kentucky Limited Liability Corporation with its principal office located at 315 US HWY 31 S. Greenwood, Indiana 46142 and owns and operates one or more Subway franchised restaurants under the control, direction and management of Corporate Members, Jigna C. Patel and Mita V. Patel. Defendant SKY 22, LLC has been an "employer" of Plaintiffs and class members (through an integrated enterprise) as those terms are defined in the FLSA, 29 U.S.C. §203(d) and 29 U.S.C. §203(r), during the relevant period to this action.

16. Defendant, SKY 24, LLC, is a Kentucky Limited Liability Corporation with its principal office located at 315 US HWY 31 S. Greenwood, Indiana 46142 and owns and operates one or more Subway franchised restaurants under the control, direction and management of Corporate Member, Chintu K. Patel. Defendant SKY 24, LLC has been an "employer" of Plaintiffs and class members (through an integrated enterprise) as those terms are

defined in the FLSA, 29 U.S.C. §203(d) and 29 U.S.C. §203(r), during the relevant period to this action.

17. Defendant, SKY 25, LLC, is a Kentucky Limited Liability Corporation with its principal office located at 315 US HWY 31 S., Greenwood, Indiana 46142 and owns and operates one or more Subway franchised restaurants under the control, direction and management of Corporate Member, Chintu K. Patel. Defendant SKY 25, LLC has been an "employer" of Plaintiffs and class members (through an integrated enterprise) as those terms are defined in the FLSA, 29 U.S.C. §203(d) and 29 U.S.C. §203(r), during the relevant period to this action.

18. Defendant, SKY 27, LLC, is a Kentucky Limited Liability Corporation with its principal office located at 212 Palumbo Drive, Lexington, Kentucky 40509 and owns and operates one or more Subway franchised restaurant under the control, direction and management of Corporate Members, Jigna C. Patel and Chintu K. Patel. Defendant SKY 27, LLC has been an "employer" of Plaintiffs and class members (through an integrated enterprise) as those terms are defined in the FLSA, 29 U.S.C. §203(d) and 29 U.S.C. §203(r), during the relevant period to this action.

19. Defendant, SKY 31, LLC, is a Kentucky Limited Liability Corporation with its principal office located at 315 US HWY 31 S. Greenwood, Indiana 46142 and owns and operates one or more Subway franchised restaurants under the control, direction and management of Corporate Member, Jigna C. Patel. Defendant SKY 31, LLC has been an "employer" of Plaintiffs and class members (through an integrated enterprise) as those terms are defined in the FLSA, 29 U.S.C. §203(d) and 29 U.S.C. §203(r), during the relevant period to this action.

20. Defendant, SKY 32, LLC, is a Kentucky Limited Liability Corporation with its principal office located at 315 US HWY 31 S. Greenwood, Indiana 46142 and owns and operates one or more Subway franchised restaurants under the control, direction and management of Corporate Member, Jigna Patel. Defendant SKY 32, LLC has been an "employer" of Plaintiffs and class members (through an integrated enterprise) as those terms are defined in the FLSA, 29 U.S.C. §203(d) and 29 U.S.C. §203(r), during the relevant period to this action.

21. Defendant, SKY 34, LLC, is a Kentucky Limited Liability Corporation with its principal office located at 5432 Ashby Court, Greenwood, Indiana 46143 and owns and operates one or more Subway franchised restaurants under the control, direction and management of Corporate Member, Chintu Patel. Defendant SKY 34, LLC has been an "employer" of Plaintiffs and class members (through an integrated enterprise) as those terms are defined in the FLSA, 29 U.S.C. §203(d) and 29 U.S.C. §203(r), during the relevant period to this action.

22. Defendant, SKY 35, LLC, is a Kentucky Limited Liability Corporation with its principal office located at 315 US HWY 31 S. Greenwood, Indiana 46142 and owns and operates one or more Subway franchised restaurants under the control, direction and management of Corporate Member, Jigna Patel. Defendant SKY 35, LLC has been an "employer" of Plaintiffs and class members (through an integrated enterprise) as those terms are defined in the FLSA, 29 U.S.C. §203(d) and 29 U.S.C. §203(r), during the relevant period to this action.

23. Defendant, SKY 36, LLC, is a Kentucky Limited Liability Corporation with its principal office located at 315 US HWY 31 S. Greenwood, Indiana 46142 and owns and operates

one or more Subway franchised restaurants under the control, direction and management of Corporate Member, Jigna Patel. Defendant SKY 36, LLC has been an "employer" of Plaintiffs and class members (through an integrated enterprise) as those terms are defined in the FLSA, 29 U.S.C. §203(d) and 29 U.S.C. §203(r), during the relevant period to this action.

24. Defendant, SKY 37, LLC, is a Kentucky Limited Liability Corporation with its principal office located at 315 US HWY 31 S. Greenwood, Indiana 46142 and owns and operates one or more Subway franchised restaurants under the control, direction and management of Corporate Member, Jigna Patel. Defendant SKY 37, LLC has been an "employer" of Plaintiffs and class members (through an integrated enterprise) as those terms are defined in the FLSA, 29 U.S.C. §203(d) 29 U.S.C. §203(r), during the relevant period to this action.

25. Defendant, SUBWAY KENTUCKY 2, LLC, is a Kentucky Limited Liability Corporation with its principal office located at 5432 Ashby Court, Greenwood, Indiana 46143 and owns and operates one or more Subway franchised restaurants under the control, direction and management of Corporate Member, Chintu K. Patel. Defendant, - SUBWAY KENTUCKY 2, LLC has been an "employer" of Plaintiffs and class members (through an integrated enterprise) as those terms are defined in the FLSA, 29 U.S.C. §203(d) and 29 U.S.C. §203(r), during the relevant period to this action.

26. Defendant, SUBWAY KENTUCKY 4, LLC, is a Kentucky Limited Liability Corporation with its principal office located at 315 US HWY 31 S. Greenwood, Indiana 46142 and owns and operates one or more Subway franchised restaurants under the control, direction    and management of Corporate Members, Chintu K. Patel and Jigna

Patel. Defendant, SUBWAY KENTUCKY 4, LLC has been an "employer" of Plaintiffs and class members (through an integrated enterprise) as those terms are defined in the FLSA, 29 U.S.C. §203(d) and 29 U.S.C. §203(r), during the relevant period to this action.

27. Defendant, SUBKY, LLC, is a Kentucky Limited Liability Corporation with its principal office located at 315 US HWY 31 S. Greenwood, Indiana 46142 and owns and operates one or more Subway franchised restaurants under the control, direction and management of Corporate Member, Jigna Patel. Defendant, SUBKY, LLC has been an "employer" of Plaintiffs and class members (through an integrated enterprise) as those terms are defined in the FLSA, 29 U.S.C. §203(d) and 29 U.S.C. §203(r), during the relevant period to this action.

28. Defendant, SUBLEX 1, LLC, is a Kentucky Limited Liability Corporation with its principal office located at 5432 Ashby Court, Greenwood, Indiana 46143 and owns and operates one or more Subway franchised restaurants under the control. direction and management of Corporate Members, Chintu K. Patel and Jigna C. Patel. Defendant, - SUBLEX 1, LLC, has been an "employer" of Plaintiffs and class members (through an integrated enterprise) as those terms are defined in the FLSA, 29 U.S.C. §203(d) and 29 U.S.C. §203(r), during the relevant period to this action.

29. Defendant, 150 North Lovers Holdings, LLC is an Indiana Domestic Limited Liability Corporation with its principal office located at 315 US HWY 31 S. Greenwood, Indiana 46142 and owns and operates one or more restaurants under the control, direction and management of Corporate Member, Jigna C. Patel. Defendant, 150 North Lovers Holdings, LLC, has been an "employer" of Plaintiffs and class members (through an

integrated enterprise) as those terms are defined in the FLSA, 29 U.S.C. §203(d) and 29 U.S.C. §203(r), during the relevant period to this action.

30. Defendant, 150 North Lovers Operations, LLC is an Indiana Domestic Limited Liability Corporation with its principal office located at 315 US HWY 31 S., Greenwood, Indiana 46142 and owns and operates one or more restaurants under the control direction and management of Corporate Member, Jigna C. Patel. Defendant, 150 North Lovers Operations, LLC, has been an "employer" of Plaintiffs and class members (through an integrated enterprise) as those terms are defined in the FLSA, 29 U.S.C. §203(d) and 29 U.S.C. §203(r, during the relevant period to this action.

31. Defendant Chintu K. Patel (a/k/a Chintu Patel) has been a Corporate Member of Defendants' Limited Liability Corporations ("LLC's") and responsible, either singularly or jointly with other corporate Members, for the establishment, control, direction and the administration of the pay practices of restaurants franchised, owned and/operated by Defendants' LLC's, as referenced above.

32. Defendant Jigna Patel (a/k/a Jigna C. Patel) has been a Corporate Member of Defendants' Limited Liability Corporations ("LLC's") and responsible, either singularly or jointly with other corporate Members, for the establishment, control, direction and the administration of the pay practices of restaurants franchised, owned and/operated by Defendants' LLC's, as referenced above.

33. Defendants constitute an integrated enterprise as defined by 29 U.S.C § 203(r) because their management and operational activities relating to Plaintiffs and similarly situated individuals have been performed through unified operations of common control for a common business purpose.

34. Plaintiff Stacy Sheeler has been employed by Defendants as an hourly-paid employee at one of their restaurants within this district during the relevant statutory limitations' period. (Plaintiff Sheeler's Consent to Join this collective action is attached hereto as *Exhibit A*).

35. Plaintiff Dylan Austin has been employed by Defendants as an hourly-paid employee at one of their restaurants within this district during the relevant statutory limitations' period. (Plaintiff Austin's Consent to Join this collective action is attached hereto as *Exhibit B*).

36. The class of similarly situated employees consists of all hourly-paid workers employed by Defendants at their Subway restaurants within the United States at any time during the past three years. These similarly situated persons are referred to as "Members of the Class" or "the Class."

## V.
## ALLEGATIONS

37. Defendants own and operate or, have owned and operated, Subway restaurants in several counties within the State of Kentucky and other state(s) during the relevant period of this action.

38. The primary function of Defendants' Subway restaurants has been to sell food and beverage items to customers.

39. Defendants have been the "employer" of the Plaintiffs and class members within the meaning of 29 U.S.C. § 203(d) -- through an integrated enterprise, as that term is defined in 29 U.S.C. §203(r) -- at all times material to this action.

40. Defendants employed Plaintiffs and class members and were responsible for establishing and administering pay and overtime rates, including overtime pay, under the direction

and control of Defendants' Corporate Members and Owners, Chintu K Patel and/or Jigna Patel (as referenced above), during all relevant periods of time in question.

41. At all times material to this action, Plaintiffs and class members have been "employees" of Defendants as defined by Section 203(e)(1) of the FLSA and, worked for Defendants within the territory of the Unites States within three (3) years preceding the filing of this lawsuit.

42. At all times material to this action, Defendants have been an enterprise engaged in commerce or in the production of goods for commerce as defined by Section 203(s)(1) of the FLSA, with annual revenue in excess of $500,000.00. Plaintiffs also have engaged in interstate commerce during the applicable statutory period.

43. At all times material to this action, Defendants have been subject to the pay requirements of the FLSA because they constitute an (integrated) enterprise engaged in interstate commerce.

44. Defendants have and continue to employ hourly paid employees, such as Plaintiffs and class members, whose primary duties are to prepare and serve food and beverage items to Defendants' customers.

45. Plaintiffs and class members are current or former employees of Defendants.

46. Defendants have and continue to employ a time keeping system for tracking and reporting employee hours worked at each of their restaurants.

47. At all relevant times material to this action, Defendants had a common plan, policy and practice of forcing, requiring and inducing their restaurant general managers to work Plaintiffs and class members "off the clock" in a variety of ways, including but not limited to the following;

a) requiring, inducing, forcing, expecting and, suffering or permitting, Plaintiffs and class members to perform work duties "off the clock" before being allowed to "clock-in" their work time into defendants' time keeping system at the beginning of their scheduled shifts and, without being paid for such "off the clock" time at the applicable FLSA minimum wage and overtime compensation rate of pay.

b) requiring, inducing, forcing, expecting and, suffering or permitting, Plaintiffs and class members to pick-up and deliver restaurant-related supplies and food items prior to being allowed to "clock-in" in to defendants' timekeeping system at the beginning of their scheduled shifts and, without being paid for such "off the clock" time at the applicable FLSA minimum wage and overtime compensation rates of pay;

c) requiring, inducing, forcing, expecting and, suffering or permitting, Plaintiffs and class members to perform work duties "off the clock" after being required to "clock-out" of Defendants' time keeping system at the end of their assigned schedules and, without being paid for such "off the clock" time at the applicable FLSA minimum wage and overtime compensation rates of pay; Moreover, Defendants' would not allow Plaintiffs and class members to record or enter work time in excess of 40 hours per week within weekly pay periods into their time keeping system. Instead, Plaintiffs and class members were required to clock-out of Defendants' time keeping system slightly before working 40 hours per week, then "punch-in" a manager's code into the system and continue working past 40 hours, as part of Defendants' scheme to avoid paying them the required FLSA overtime compensation.

d) requiring, inducing, forcing, expecting and, suffering or permitting, Plaintiffs and class members to pick-up and deliver restaurant-related supplies and food items after being required to "clock-out" of Defendant's time keeping system at the end of their assigned schedules and, without being paid for such "off the clock" time at the applicable FLSA minimum wage and overtime compensation rates of pay;

e) requiring, inducing, forcing, expecting and, suffering or permitting, Plaintiffs and class members to perform work duties on their "days-off" and on Holidays without being allowed to "clock-in" to Defendant's time keeping system and, without being paid for such "off the clock" time at the applicable FLSA minimum wage and overtime compensation rates of pay;

f) requiring, inducing, forcing, expecting and, suffering or permitting, Plaintiffs and class members to undergo job-related training off-site without being allowed to "clock-in" to Defendant's time keeping system and, without being paid for such "off the clock" time at the applicable FLSA minimum wage and overtime compensation rates of pay;

g) requiring, inducing, forcing, expecting and, suffering or permitting, Plaintiffs and class members to attend mandatory job-related meetings without being allowed to "clock-in" to Defendant's time keeping system and, without being paid for such "off the clock" time at the applicable FLSA minimum wage and overtime compensation rates of pay;

h) requiring, inducing, forcing, expecting and, suffering or permitting, Plaintiffs and class members to "clock-out" of Defendant's time keeping system during meal breaks (in excess of 20 minutes per scheduled shifts) but nonetheless required to

continue performing job duties during such meal breaks and, without being paid for such "off the clock" time at the applicable FLSA minimum wage and overtime compensation rates of pay. Moreover, Defendants' failed to provide Plaintiffs and class members any mechanism or process by which to record and/or "edit-in" such work times they performed during "clocked-out" meal breaks into Defendants' time keeping system.

48. As a result, Plaintiffs and class members are entitled to at least the FLSA applicable minimum wage and overtime rates of pay for all such unpaid "off the clock" time.

49. The aforementioned "off the clock" claims of Plaintiffs and class members are unified through a common theory of defendants' FLSA violations

50. The net effect of Defendants' aforementioned common plan, policy and practice of working Plaintiffs and class members "off the clock" is that it willfully violated the FLSA and enjoyed ill-gained profits at the expense of Plaintiffs and the class.

51. Although at this stage Plaintiffs are unable to state the exact amount owed to them and class members, they believe such information will become available during the course of discovery.  However, when an employer fails to keep complete and accurate time records, employees may establish the hours worked solely by their testimony and the burden of proof of overcoming such testimony shifts to the employer.

## VI.
## COLLECTIVE ACTION ALLEGATIONS

52. Plaintiffs bring this action on behalf of themselves and the class as a collective action pursuant to the FLSA, 29 U.S.C. §§ 206, 207, and 216(b).

53. The claims under the FLSA may be pursued by those who opt-in to this case under 29 U.S.C. § 216(b).

54. The members of the class are so numerous that joinder of all other members of the class is impracticable.  While the exact number of the other members of the class is unknown to Plaintiffs at this time and, can only be ascertained through applicable discovery, Plaintiffs  believe there several hundred of individuals in the putative class.

55. The claims of Plaintiffs are typical of the claims of the class. Plaintiffs and other members of the class have worked for Defendants at their Subway franchised restaurants and were subject to the same operational, compensation and timekeeping policies and practices, including not being paid for the aforementioned "off the clock" hours worked at the applicable FLSA minimum wage and overtime rates of pay. As a result, the "off the clock" claims of Plaintiff and Class Members are unified through common theory of Defendant's FLSA statutory violations.

56. Common questions of law and fact exist as to the class which predominate over any questions only affecting other members of the class individually and include, but are not limited to, the following:

- Whether Plaintiffs and other members of the class were expected and/or required to perform work without compensation;

- Whether Defendants suffered and permitted Plaintiffs and other members of the class to perform work without compensation;

- Whether Defendants failed to pay Plaintiffs and the other members of the class the applicable FLSA minimum wage rate of pay for all work performed;

- Whether Defendant failed to pay Plaintiffs and other members of the class all overtime compensation due them for all hours worked in excess of forty (40) hours per week within the relevant statutory period;

- The correct statutes of limitation for the claims of Plaintiffs and other members of the class;

- Whether Plaintiffs and other members of the class are entitled to damages, including but not limited to liquidated damages, and the measure of the damages; and

- Whether Defendants are liable to Plaintiffs and class members for interest, attorneys' interest, fees, and costs?

57. Plaintiffs will fairly and adequately protect the interests of the class as their interests are aligned with those of the other class members.  Plaintiffs have no interests adverse to the class and, Plaintiffs have retained competent counsel who are experienced in collective action litigation.

58. Collective action mechanism is superior to the other available methods for a fair and efficient adjudication of the controversy.  The expenses, costs, and burden of litigation suffered by individual other members of the class in a collective action are relatively small in comparison to the expenses, costs, and burden of litigation of individual actions, making it virtually impossible for other members of the class to individually seek address for the wrongs done to them.

59. Plaintiffs and class members have suffered and will continue to suffer irreparable damage from the unlawful plans, policies, and practices implemented by Defendants.

## COUNT I
## <u>FAIR LABOR STANDARDS ACT VIOLATIONS – MINIMUM WAGE</u>
### (On Behalf of the Class)

60. Plaintiffs, on behalf of themselves and other members of the class, repeat and re-allege Paragraphs 1 through 59 above as if they were fully set forth herein.

61. At all times relevant herein, Defendants have been and continue to be an employer engaged in interstate commerce within the meaning of the FLSA, 29 U.S.C. § 206(a) and 207(a) and, so have its employees, including Plaintiffs and the class.

62. Pursuant to Defendants' aforementioned common plan, policy and practice, they have failed to pay Plaintiffs and other members of the class the applicable minimum wage rates as required by the FLSA.

63. Because of Defendants' failure to pay Plaintiffs and other members of the class for all the aforementioned "off the clock" work time, Plaintiffs and other members of the class have not received wages equal to or in excess of the applicable minimum wage as required by the FLSA for all hours worked.

64. At all material times herein, Defendants' common plan, policy and practice of willfully failing to pay Plaintiffs and members of the class at least the required minimum wage rate of $7.25 an hour for all hours worked (involving the aforementioned unpaid "off the clock" compensable time) has resulted in Plaintiffs and class members' unpaid wage claims being unified through a common theory of FLSA violations.

65. At all times relevant, Defendants had actual as well as constructive knowledge of willfully refusing to pay Plaintiffs and other members of the class for all hours worked, including the aforementioned "off the clock" compensable work time and, without a basis of good faith.

66. As a result of Defendants' willfulness and, lack of a good faith basis, for their failure to compensate Plaintiffs and other members of the class at least the applicable minimum wage rate for all hours worked, including the aforementioned "off the clock" work time, they have violated and continue to violate the FLSA.

67. Plaintiffs and the other members of the class are therefore entitled to compensation for unpaid minimum wages at the hourly rate of pay required by the FLSA, plus applicable overtime compensation and an additional amount as liquidated damages, together with

interest, costs, and reasonable attorney's fees for the three-year statutory period under the FLSA.

## COUNT II
## FAIR LABOR STANDARDS ACT VIOLATIONS – OVERTIME
### (On Behalf of the Class)

68. Plaintiffs, on behalf of themselves and other members of the class, repeat and re-allege Paragraphs 1 through 67 above as if they were set forth herein.

69. At all times relevant herein, Defendants have been and continue to be an employer engaged in interstate commerce within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a) and, so have its employees, including Plaintiff and members of the class.

70. At all times relevant herein, Defendants have employed (and/or continue to employ) Plaintiffs and each of the other members of the class within the meaning of the FLSA.

71. At all times relevant herein, Defendants had a common plan, policy and practice of willfully refusing to pay Plaintiffs and other members of the class applicable FLSA overtime compensation for all hours worked (including the aforementioned "off the clock" compensable work time) in excess of forty hours per week within weekly pay periods during the applicable statutory period.

72. At all times herein, Defendants' common plan, policy and practice of willfully failing to pay Plaintiffs and members of the class at least the required minimum wage rate of $7.25 an hour and, one and one-half times their regular hourly rate of pay for all hours worked, (including the aforementioned "off the clock" compensable work time, in excess of forty (40) within weekly pay period, has resulted in their claims being unified though a common theory of FLSA violations.

73. At all times relevant herein, Defendants have had actual as well as constructive knowledge of willfully refusing to pay Plaintiff and other members of the class for all

hours worked, including the aforementioned "off the clock" compensable overtime, without a basis of good faith.

74. As a result of Defendants' willfulness and, lack of a good faith basis, for its failure to compensate Plaintiffs and other members of the class the applicable federal minimum wage for all hours worked, including the aforementioned "off the clock" compensable work time and, at a rate not less than one and one-half times the regular rate of pay for work performed in excess of forty (40) hours per work week within weekly pay periods, they have violated and (continue to violate) the FLSA, 29 U.S.C. § 255(a).

75. Due to Defendants' willful and lack of a good faith basis for its FLSA violations, Plaintiffs and the other members of the class are entitled to recover from Defendants compensation for unpaid overtime wages, an additional equal amount as liquidated damages, as well as interest, reasonable attorneys' fees, costs, and disbursements relating to this action for the three-year statutory period under the FLSA, 29 U.S.C. § 216(b).

## **PRAYER FOR RELIEF**

Whereas, Plaintiffs, individually, and/or on behalf of themselves and all other similarly situated members of the class, request this Court to grant the following relief against Defendant:

A.   Designation of this cause as a collective action on behalf of the class and promptly issue notice pursuant to 29 U.S.C. § 216(a), apprising class members of the pendency of this action and permitting other members of the class to assert timely FLSA claims in this action by filing individual Consents under 29 U.S.C. § 216(b);

B.   On Count I, an award of compensation for unpaid minimum wages to Plaintiffs and other members of the class at the applicable FLSA minimum wage rate of pay.;

C.   On Count II, an award of compensation for unpaid overtime wages to Plaintiffs and the other members of the class at the applicable FLSA overtime rate of pay.

D.   On Counts I and II, an award of liquidated damages to Plaintiffs and other members of the class;

E.   On Counts I and II, an award of prejudgment and post-judgment interest at the applicable legal rate to Plaintiffs and other members of the class;

F.   On Counts I and II, an award of costs, expenses, and disbursements relating to this action together with reasonable attorneys' fees and expert fees to Plaintiffs and other members of the class;

G.   On Counts I and II, a ruling that the three-year statutory period for willful violations under the FLSA shall apply in this action, and

H.   Such other general and specific relief as this Court deems just and proper.

## **JURY TRIAL DEMAND**

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands a **trial by jury** on all issues so triable.

DATED: January 4, 2019.

Respectfully submitted,


/s/ Frank Hampton Moore, III
Frank Hampton Moore, III
COLE & MOORE, P.S.C.
921 College Street – Phoenix Place
P.O. Box 10240
Bowling Green, Kentucky 42102-7240
(p) (270) 782-6666
(f) (270) 782-8666
mooreiii@coleandmoore.com

Gordon E. Jackson (TN Bar No. 08323)
J. Russ Bryant (TN Bar No. 033830)
Paula R. Jackson (TN Bar No. 020149)
Robert E. Turner (TN Bar No. 035364)
**JACKSON, SHIELDS, YEISER & HOLT**
262 German Oak Drive
Memphis, TN 38018
Telephone: (901) 754-8001
Facsimile: (901) 754-8524
gjackson@jsyc.com
rbryant@jsyc.com
pjackson@jsyc.com
rturner@jsyc.com